UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEBBIE BROWN                                                                                      PLAINTIFF

V.                                                                  CIVIL ACTION NO. 3:09CV436 DPJ-FKB

JACKSON MUNICIPAL AIRPORT AUTHORITY                                          DEFENDANT

ORDER

This race-discrimination suit is before the Court on Defendant's Motion for Summary Judgment [41]. Plaintiff has responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Defendant's motion should be granted in part and denied in part as set forth herein.

I.      Facts and Procedural History

Debbie Brown, a former finance technician with the Jackson Municipal Airport Authority (JMAA), claims that she was not selected for a promotion because she is white. JMAA contends that she was not qualified.

The finance department at JMAA consisted of five individuals. Brown and two other technicians reported to Chief Financial Officer Gary Cohen, who is white, and Controller Arnetrius Reed-Branson, who is African-American. In September 2007, JMAA terminated the employment of Brown's co-worker Marcus Betts and asked Brown to temporarily assume some of his duties. Cohen and Reed-Branson sought a replacement, and at some point decided to revise the job qualifications to include a bachelor's degree. They also changed the job title from technician to accountant. Brown decided to apply for the promotion, despite her lack of a bachelor's degree, believing JMAA would waive the degree requirement based on her experience. Cohen and Reed-Branson considered several applicants for the position and

interviewed two, both of whom were African-Americans.  JMAA ultimately hired Eva Perkins, an African-American.

But Brown believes that she was better qualified for the position than Perkins and that race was a factor in the decision.  She points to her experience in accounting and accounts receivables, and she claims that Perkins performed poorly on an accounting test administered in conjunction with the interview.  Brown also complains that Reed-Branson told her an accounting degree was necessary, but Perkins had a bachelors degree in business administration, not accounting.  As further evidence of discrimination, Brown notes that she was asked to train Perkins.  Finally, Brown relays a conversation she overheard between Reed-Branson and Owens in which Reed-Branson allegedly stated that she wanted to hire a "brother" for the position, but that she could not find one willing to accept the salary she could offer.

On January 7, 2008, Brown met with Cohen and Reed-Branson about her workload.  She described the meeting as heated and exited the building when it concluded.  She asserts that while in the parking lot, Reed-Branson nearly hit her with her car.  Brown went home after the incident but returned later that night to leave her letter of resignation.

Feeling that JMAA discriminated against her on account of race, Brown filed a complaint with the Equal Employment Opportunity Commission.  After receiving notice of her right to sue, Brown filed this action.  Her Complaint contains two counts—race discrimination and punitive damages.  JMAA moved for summary judgment as to both.  Brown responded in opposition, and the Court is prepared to rule.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(c)(2) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.	Analysis

    A.	Race Discrimination Claim

Brown claims that JMAA failed to promote her due to her race.  Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1) (2006).  A claim of employment discrimination can be proven through direct or circumstantial evidence.  *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001).

        1.	Direct Evidence of Discrimination

Brown contends that Reed-Branson's remark that she wanted to hire a "brother" is direct evidence of discrimination.  "Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Grp, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citation omitted).  In the Fifth Circuit, "to qualify as direct evidence of discrimination, an employer's comment 'must be direct and unambiguous.'" *Read v. BT Alex Brown Inc.*, 72 F. App'x 112, 119 (5th Cir.2003) (citation omitted).  Direct evidence of discrimination includes "any statement or document which shows on its face that an improper criterion served as a basis . . . for the adverse employment action." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003) (citation omitted).

In determining whether the evidence is direct, the Court considers whether the remark is race related, proximate in time to the employment decision, uttered by one with authority over the employment decision, and related to the employment decision at issue.  *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010) (looking at factors in age discrimination context) (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 683 (5th Cir. 2001)).

Brown testified that she overheard Reed-Branson, a decision-maker, tell another employee that she wanted to hire a "brother" for the subject position during the relevant time. The statement satisfies the definition of direct evidence. But JMAA insists that Brown's argument fails because the evidence is uncorroborated. Def.'s Reply [47] at 5. JMAA's argument is unavailing because it invites the Court to weigh competent evidence. *See EEOC v. WC & M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007) (internal citations omitted) ("On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. In reviewing the evidence, the court must therefore refrain from making credibility determinations or weighing the evidence."). Brown has presented direct evidence of discrimination.

2.      Mixed Motive

JMAA states that Eva Perkins was selected for the subject position because she was more qualified than Brown. Brown insists, however, that her race was a motivating factor in JMAA's decision not to promote her.

> Within the mixed-motive framework . . . the employee must offer sufficient evidence to create a genuine issue of fact either that (a) the employer's proffered reason is a pretext for discrimination, or—and herein lies the modifying distinction—(b) that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination. If the employee proves that discrimination was a motivating factor in the employment decision, the burden again shifts to the employer, this time to prove that it would have taken the same action despite the discriminatory animus.

*Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).[1]

---

[1] JMAA argues, without supporting authority, that Brown is precluded from employing a mixed-motive analysis because she did not mention "mixed-motive" in her Complaint. But Title VIII, as amended, states that a plaintiff may prove discrimination if race was a "motivating factor." 42 U.S.C. § 2000e-2(m) (2006). Brown was not required to plead mixed motives

5

Brown has submitted sufficient evidence to create a question of fact whether her race was a motivating factor in JMAA's decision. Summary judgment is therefore denied.

B.  Constructive Discharge

Brown contends that she was constructively discharged based on the alleged parking lot incident that occurred on her final day of employment. JMAA seeks a ruling that Brown cannot, as a matter of law, establish constructive discharge because she neither complained about the incident nor gave her employer an opportunity to address the misconduct.

"An employee who resigns without affording the employer a reasonable opportunity to address her concerns has not been constructively discharged." *Williams v. Barnhill's Buffet Inc.*, 290 F. App'x 759, 762 (5th Cir. 2008) (affirming summary judgment where employee resigned before providing employer notice of supervisor's misconduct) (citing *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 301 (5th Cir. 2001) (for purposes of the constructive discharge analysis, a reasonable employee would have reported the sexual harassment before resigning); *Boze v. Branstetter*, 912 F.2d 801, 805 (5th Cir. 1990) (holding that, in most cases, a reasonable employee would pursue internal remedies or file an EEOC complaint before resigning)).

Brown only half-heartedly responds to this argument, claiming that she repeatedly complained about her working conditions and that Reed-Branson "tried to remedy the situation by attempting to run over her in the parking lot." But she testified in her deposition that during

---

because the theory of proof is "best viewed as a defense for the employer." *Smith v. Xerox*, 602 F.3d 320, 333 (5th Cir. 2010). Brown appropriately raised "mixed motive" in her response to the pending motion. *C.f., Coe v. Northern Pipe Products, Inc.*, 589 F. Supp. 2d 1055, 1098-99 (N.D. Iowa 2008) (noting that the plaintiff had not explicitly asserted "mixed motives" in her complaint, but clearly raised it in her summary judgment briefing) (citing *Desert Palace Inc. v. Costa*, 539 U.S. 90, 94–95 (2003).

the meeting that immediately preceded the incident, she made no reference to discrimination or the "brother" comment. Def's Mot. Summ. J. [41] Ex. B., Brown Dep. 107:12–19. Brown denied JMAA any opportunity to address her concern. So she may not present a constructive discharge case to the jury.

      C.     Punitive Damages

JMAA seeks summary judgment of Brown's punitive damages claim contending that its conduct falls short of applicable standards. The Court denies the motion at this point because the presentation of proof at trial will allow a more informed decision.

IV.     Conclusion

Based on the foregoing, JMAA's motion is denied as to Brown's race-discrimination and punitive-damages claims and granted as to Brown's constructive-discharge claim.

      **SO ORDERED AND ADJUDGED** this the 1th day of November, 2010.

                                               s/ *Daniel P. Jordan III*
                                               UNITED STATES DISTRICT JUDGE